```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
     v.                       )    Criminal No. 04-114
                              )
STEPHEN DANIEL LASKOWSKI      )
         Defendant.           )
```

## JUDGMENT ORDER

A grand jury, sitting in Pittsburgh, indicted the defendant on two counts of mail fraud. Specifically, the indictment charges that following the terrorist related aircraft hi-jackings and crashes on September 11, 2001, the United States Congress enacted legislation, signed into law by the President, establishing a monetary fund, known as the September 11th Victim Compensation Fund of 2001. The indictment claims that from approximately October 2, 2001, and continuing on through about February 9, 2004, the defendant devised and intended to defraud the United States and the United States Department of Justice, as administrator of the Victim Compensation Fund, and to obtain money and property from the fund by means of false and fraudulent pretenses. This matter was taken under advisement after the court conducted a non-jury trial on October 11, 2005. The court has now considered all of the evidence and returns the following special verdict:

The court finds that defendant is not guilty, only be reason of insanity. 18 U.S.C. §4242(b)(3).

In reaching this conclusion, I have considered the following:

On June 20, 2005, defendant filed a notice pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure of his intent to put on a defense of insanity.

On July 22, 2005, the parties filed a joint motion for non-jury trial with stipulation of facts.  In it, the parties summarized the findings of Dr. James Huha, defendant's mental health expert, and Dr. Robert Wettstein, the government's mental health expert.  Dr. Huha found defendant to be suffering, at the time of the offense, from Delusional Disorder, Mixed Type, and Cognitive Disorder Not Otherwise Specified, which caused him to lack the capacity to know the wrongfulness of his acts.  Dr. Wettstein was unable to rebut that conclusion, but concluded that defendant was seriously mentally ill.

I have considered the reports and opinions of these experts and find that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

2

I find that defendant has proved his defense of insanity by clear and convincing evidence.

Pursuant to 18 U.S.C. §4243(b), a psychiatric evaluation was ordered and completed by Dr. Ann McAllister and filed with the court, pursuant to 18 U.S.C. §4247(b) and (c), to determine whether his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to present mental disease or defect.

Upon consideration of Dr. McAllister's report, and the evidence submitted at that hearing, I find that defendant has proven by a preponderance of the evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to present mental disease or defect.

In reaching this conclusion, the court has considered the following:

The charged offense did not involve bodily injury to, or serious damage to the property of, another person, or a substantial risk of such injury or damage. The charged crime was not violent in nature. It had no identifiable victims. It was not accomplished through force, or threat of force.

Defendant has no criminal record, whether violent or not.

Dr. McAllister concludes that defendant is currently psychotic, with multiple fixed false delusional beliefs. She recommends that he be placed on a medication regimen and participate to the full extent that he can in the adult day program at the Highland Drive Veterans Administration.

Dr. McAllister opines that defendant has been psychotic for a long period of time, yet he has no history of violent crimes. There is no evidence that he has ever harmed himself, or others, or threatened to do so.

Defendant has been living on his own for years.

Therefore, this 9th day of December, 2005, IT IS HEREBY ORDERED that the defendant, Stephen Daniel Laskowski, is adjudged not guilty, only be reason of insanity.

It is further ordered that the defendant is released on the following conditions:

1. Defendant is to continue participating in programs through the Veterans' Administration.

2. Defendant is ordered to adhere to the appropriate medication regimen recommended by his doctors.

3. Defendant is ordered not to have any contact with his ex-wife or her children.

4. Defendant will be placed under the supervision of Pretrial Services which will submit a report within six months recommending whether further supervision is necessary.

BY THE COURT:

_____, J.

cc: All Counsel of Record